UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00165-HBB

BRIAN ALDRICH					PLAINTIFF

VS.

ANDREW SAUL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION		DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Brian Aldrich ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 15) and Defendant (DN 32) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED,** and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered December 21, 2018 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

1

## FINDINGS OF FACT

On July 11, 2013, Plaintiff protectively filed an application for Disability Insurance Benefits (Tr. 58). Plaintiff alleged his disability began on June 6, 2012 (Id.). Administrative Law Judge Marci P. Eaton ("ALJ Eaton") conducted a video hearing from Paducah, Kentucky on July 7, 2015 (Id.). Plaintiff and his attorney M. Michelle Cecil participated from Owensboro, Kentucky (Id.). James B. Adams, an impartial vocational expert, testified during the video hearing (Id.).

In a decision dated November 23, 2015, ALJ Eaton denied Plaintiff's application for Disability Insurance Benefits (Tr. 58-66). ALJ Eaton found that Plaintiff's degenerative disc disease of the lumbar spine to be a severe impairment (Tr. 61). At the fourth step, ALJ Eaton found that Plaintiff has the residual functional capacity to perform a range of light work because he can occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; he can stand and/or walk for six hours in an eight-hour workday; he can sit for six hours in an eight-hour workday and is unlimited in his ability to push and/or pull within the 20-pound limit; he can occasionally climb ramps or stairs and should avoid climbing ladders, ropes or scaffolds; he can occasionally stoop, kneel, crouch and crawl; and he should avoid concentrated exposure to moving machinery and unprotected heights (Tr. 62). Although ALJ Eaton found that Plaintiff was unable to perform any past relevant work, she did determine that Plaintiff can perform a significant number of jobs that exist in the national economy considering his age, education, work experience, and RFC (Tr. 65-66). ALJ Eaton concluded that Plaintiff had not been under a disability, as

defined in the Social Security Act, from June 6, 2012 through the date of the decision, November 23, 2015 (Tr. 66).   There is no indication in the record that Plaintiff timely filed a request for the Appeals Council to review ALJ Eaton's decision.

Plaintiff protectively filed an application for Disability Insurance Benefits on January 13, 2016 (Tr. 15, 170-72, 173-74).   Plaintiff alleged that he became disabled on June 6, 2012 because of a back injury, depression, anxiety, and a sleep disorder (Tr. 15, 173, 191).   Administrative Law Judge Stacey L. Foster ("ALJ") conducted a video hearing from Paducah, Kentucky on February 7, 2018 (Tr. 15, 32-34).   Plaintiff and her attorney, Sara J. Martin, participated from Owensboro, Kentucky (Id.).   James B. Adams, an impartial vocational expert, testified during the video hearing (Id.).

In a decision dated April 4, 2018, ALJ Foster evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-25).   At the first step, ALJ Foster found Plaintiff has not engaged in substantial gainful activity since June 6, 2012, the alleged onset date (Tr. 17).   At the second step, ALJ Foster determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, obesity, and major depressive disorder (Id.).   Additionally, ALJ Foster found that Plaintiff's bilateral carpal tunnel syndrome is a non-severe impairment (Id.).   At the third step, ALJ Foster concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 18).

At the fourth step, ALJ Foster found Plaintiff has the residual functional capacity (RFC) to perform light work except that Plaintiff may never climb ladders, ropes, or scaffolds; he may occasionally stoop, kneel, crouch, crawl and climb ramps/stairs; he should avoid concentrated

exposure to moving machinery and unprotected heights; he can understand, remember, and carry out simple instructions and procedures requiring a 30-day learning period or less; and he can sustain the concentration, persistence, or pace for simple tasks involving little judgment and minimal variation in a routine work environment (Tr. 19). Relying on testimony from the vocational expert, ALJ Foster found that Plaintiff is unable to perform any of his past relevant work (Tr. 23).

ALJ Foster proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 23-24). The ALJ found that Plaintiff can perform a significant number of jobs that exist in the national economy (Id.). Therefore, ALJ Foster concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from June 6, 2012 through the date of the decision, April 4, 2018 (Tr. 24).

Plaintiff timely filed a request for the Appeals Council to review ALJ Foster's decision (Tr. 163-65). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion,

even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenges to Finding No. 5

1. Arguments of the Parties

Plaintiff argues substantial evidence does not support ALJ Foster's determination that he has the RFC to perform light work with certain limitations because she failed to fully consider the resulting limitations from his degenerative disc disease of the lumbar spine (DN 15 PageID # 1896, DN 15-1 PageID # 1900-04). Plaintiff also asserts that substantial evidence does not support ALJ

Stacy's findings regarding the weight accorded to the opinions of an independent medical evaluator, Dr. Guarnaschelli; a treating source Monica Johnson, APRN; and a non-examining state agency physician, Dr. Irlandez[1] (Id.).

Defendant contends that substantial evidence supports ALJ Foster's determination that Plaintiff has the RFC to perform light work with certain limitations (DN 32 PageID # 1953-63). Defendant argues that ALJ Foster provided good reasons, supported by substantial evidence in the record, for her assignment of weight to the opinions of Dr. Guarnaschelli, Ms. Johnson, and Dr. Irlandez (Id.).

2. Discussion

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529.

The Court will begin with Plaintiff's challenge to the weight ALJ Foster assigned to the opinion of Monica Johnson, APRN. As Plaintiff filed his application prior to March 27, 2017, the applicable regulations indicate Advanced Practice Registered Nurses such as Ms. Johnson are

---

1 Plaintiff mistakenly identified Dr. Mukherjee (Tr. 88-100)

7

not acceptable medical sources who are qualified to render medical opinions about the nature and severity of a claimant's physical or mental impairment. *See* 20 C.F.R. §§ 404.1502(a)(7), 404.1527(a)(1). Further, despite her ongoing treatment relationship with Plaintiff, Ms. Johnson's opinion cannot be given controlling weight for the same reason. *See* 20 C.F.R. § 404.1527(a)(2) and (c). The applicable regulations do, however, direct that Ms. Johnson's opinion be weighed based on whether there is an examining or treating relationship, the consistency of the opinion with the record as a whole, whether she is a specialist, and other factors that tend to support or contradict her opinion. *See* 20 C.F.R. § 404.1527(f)(1) and (2) (citing 20 C.F.R. § 404.1527(c)(1) through (c)(6)). When an opinion is inconsistent with the medical source's own treatment records the Administrative Law Judge is not required to credit that opinion. *See* Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Villarreal v. Sec'y of Health & Human Servs., 818 F.2d 461, 463 (6th Cir. 1987) (per curiam).

ALJ Foster's assessment of the statement Ms. Johnson gave on July 20, 2017, acknowledges that a treating relationship exists and that the opinion is related to her area of specialty (Tr. 22, 1796-99). After summarizing Ms. Johnson's statement and her opinion that Plaintiff had marked limitation with concentration, ALJ Foster commented as follows:

> Little weight is placed upon this opinion, which is not consistent with the claimant's stable condition with very conservative treatment, reported activities of daily living, his own statements that his symptoms are largely situational, and his reports that he could return to work if he could find a job within his physical limitations.

(Tr. 22). Thus, ALJ Foster found Ms. Johnson's opinion inconsistent with the record as a whole and contradicted by treatment records from the Estes Behavioral Health, LLC, which includes progress notes prepared by Ms. Johnson (Tr. 22, 1597-1619, 1810-17). In sum, ALJ Foster

provided good reasons for her assignment of weight to Ms. Johnson's opinion and those reasons are supported by substantial evidence in the record. Therefore, there is no merit to Plaintiff's challenge to the weight ALJ Foster assigned to the opinion of Ms. Johnson.

Next, the Court will address Plaintiff's challenge to the weight ALJ Foster assigned to opinion of Dr. Guarnaschelli. By way of background, Dr. Guarnaschelli performed an independent medical evaluation in connection with Plaintiff's Workers Compensation claim against his employer, Century Aluminum of Kentucky, arising out of a low back injury on June 5, 2012 (*see* Tr. 166-169, 521-23). Dr. Guarnaschelli performed an examination and review of the medical evidence concerning Plaintiff's low back injury (Tr. 522-23). He noted no neurologic deficits such as radiculopathy (nerve root compression) or a myelopathy (spinal cord compression) (Tr. 523). Dr. Guarnaschelli acknowledged that Plaintiff had restrictions in range of motion and good control of his pain through a medical protocol, monitored by a pain management specialist, that included morphine, gabapentine, and a muscle relaxant (Id.). Dr. Guarnaschelli agreed with the previous evaluation of Dr. Kriss and the restrictions offered by the operating surgeon, Dr. Werner, limiting Plaintiff to no lifting over 20 lbs., limiting his squatting and bending, and taking hourly breaks (Id.).

As Dr. Guarnaschelli is an examining source, the Sixth Circuit has indicated his opinion should be weighed based on the examining relationship, consistency, specialization, and other factors that tend to support or contradict his opinion. *See* Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(1) through (c)(6)). After accurately summarizing Dr. Guarnaschelli's report and opinion (Tr. 20-21, 21-22), ALJ Foster commented as follows:

9

> Little weight is placed upon this opinion, as it appears to have been based largely upon subjective complaints that pre-date the prior decision and opinions that were based on records that pre-date the prior decision. Dr. Guarnaschelli's physical examination was unremarkable, and the need to take hourly breaks is not generally consistent with the treatment records and activities of daily living the claimant reported during the relevant period.

(Tr. 22). Thus, ALJ Foster found Dr. Guarnaschelli's opinion to be based on Plaintiff's subjective complaints which were inconsistent with the record as a whole and contradicted by ALJ Eaton's findings and more current treatment records (Tr. 22, 63-64, 523). In sum, ALJ Foster provided good reasons for her assignment of weight to Dr. Guarnaschelli's opinion and those reasons are supported by substantial evidence in the record. Therefore, there is no merit to Plaintiff's challenge to the weight ALJ Foster assigned to the opinion of Dr. Guarnaschelli.

Next, the Court will address Plaintiff's challenge to the weight ALJ Foster assigned to opinion of Dr. Irlandez, a non-examining state agency physician. The regulations provide that Administrative Law Judges "will consider" the medical findings of State agency medical or psychological consultants because they "are highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1). When the opinion of a non-examining State Agency medical/psychological advisor is consistent with the record, the opinion represents substantial evidence to support the Administrative Law Judge's decision. *See* Atterbery v. Sec'y of Health & Human Servs., 871 F.2d 567, 570 (6th Cir. 1989); Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1082-83 (6th Cir. 1987) (per curiam).

On May 3, 2016, Dr. Irlandez reviewed the evidence in the record and opined that Plaintiff had the RFC to perform a range of light work because he can occasionally climb ramps or stairs and should avoid climbing ladders, ropes or scaffolds; he can occasionally stoop, kneel, crouch

and crawl; and he should avoid concentrated exposure to moving machinery and unprotected heights (Tr. 88-96, 97). ALJ Foster explained that she gave great weight to Dr. Irlandez's opinion because it was supported by the medical records she had described in the preceding paragraphs (Tr. 21). In sum, ALJ Foster provided a good reason for her assignment of weight to Dr. Irlandez's opinion and that reason is supported by substantial evidence in the record. Therefore, there is no merit to Plaintiff's challenge to the weight ALJ Foster assigned to the opinion of Dr. Irlandez's. Additionally, as Dr. Irlandez's opinion is consistent with the evidence of record, his opinion represents substantial evidence to support ALJ Foster's RFC findings addressing Plaintiff's physical limitations.

Next the Court will address Plaintiff's argument that substantial evidence does not support ALJ Foster's determination that he has the RFC to perform light work with certain limitations. Plaintiff contends that ALJ Foster did not consider objective evidence at Tr. 375, 403-04, 573 that shows his degenerative disc disease of the lumbar spine prevents him from engaging in prolonged standing, walking, or sitting.[2] But, these medical record pages merely recite Plaintiff's subjective complaints to a treating source. For example, Tr. 375 is part of a February 19, 2016 treatment note from Advanced Pain Care Clinic, PSC, that memorializes Plaintiff's complaint about a flare up of low back pain on the left side as a result of shoveling snow the preceding day. The next page indicates a physical examination revealed "tenderness along paraspinal region and facet

---

2 Specifically, Plaintiff is referring to his history of two back surgeries and the pain management records that repeatedly indicated left side radicular pain, failed back surgery syndrome, tenderness in the paraspinal region, tenderness of the facet joints, pain along the sacroiliac joint, myofascial tenderness, increased tenderness with flexion and extension, and pain levels consistently reported at 6-7 out of 10 (DN 15 PageID # 1900-04 citing Tr. 375, 403-04, 573).

11

joints" and "pain along SI joints" (Tr. 376). Plaintiff's complaints of tenderness and pain would be a subjective component to the physical examination. Similarly, Tr. 403-04 are part of an April 19, 2016 treatment note from Advanced Pain Care Clinic, PSC, that memorializes Plaintiff's complaint about low back pain at a level of 7 out of 10. The fourth page, Tr. 573, is part of a March 22, 2015 treatment note from Owensboro Health Regional Hospital identifying medications prescribed to address Plaintiff's complaints of chronic low back pain (Tr. 566-73).

Plaintiff also accuses ALJ Foster of overlooking examination findings by his treating chiropractor that corroborated his complaints of worsening pain (*see* Tr. 1561-72). But these treatment notes addressing the time frame August through September 2016 merely indicate the chiropractor performed soft tissue manipulations to address Plaintiff's complaints of pain. They also suggest Plaintiff experienced some improvement to his condition because of the soft tissue manipulations.

Plaintiff also accuses ALJ Foster of overlooking physical therapy records Tr. 1642-50 addressing the time frame May through September 2016. Review of these records reveals that they merely memorialize Plaintiff's subjective complaints of pain and an overall improvement in his lifting, sitting, standing, and walking because of the physical therapy.

More importantly, the issue is not whether Plaintiff can identify substantial evidence in the record that may have been overlooked by ALJ Foster. Rather, the question is whether ALJ Foster's RFC findings are supported by substantial evidence in the record. *See* Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the

Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion."). Having reviewed the record, the Court concludes that ALJ Foster's RFC findings are supported by substantial evidence in the record.

Finding No. 10

1. Arguments of the Parties

Plaintiff contends substantial evidence does not support ALJ Foster's finding that jobs exist in significant numbers in the national economy (DN 15 PageID # 1896, DN 15-1 PageID # 1904-05). Plaintiff explains that the vocational expert's testimony cannot constitute substantial evidence because he relied on obsolete job descriptions from the Dictionary of Occupational Titles (DOT) (Id.). Plaintiff asserts that if the vocational expert had supplemented his testimony with information from a more up to date and reliable resource like O-NET, ALJ Foster would have been aware that only one of the three jobs identified still exists and the SVP range is now much higher than what it is in the DOT (Id.).

Defendant argues ALJ Foster reasonably relied on the vocational expert's testimony that Plaintiff could perform jobs that exist in significant numbers in the national economy (DN 32 PageID # 1964-81). Defendant asserts that Plaintiff should have questioned the vocational expert about ONET or job obsolescence but failed to do so (Id.). For this reason, the vocational expert's uncontradicted testimony constituted substantial evidence to support ALJ Foster's finding (Id.).

2. Discussion

The Sixth Circuit, albeit in an unpublished opinion, previously cautioned that "*common sense dictates*" when job descriptions in the DOT "appear obsolete, a more recent source of information should be consulted." Cunningham v. Astrue, 360 F. App'x 606, 615 (6th Cir. 2010)

13

(emphasis added). Several district courts in the Sixth Circuit followed Cunningham and remanded matters to the Commissioner when the vocational expert's reliance on potentially obsolete job descriptions from the DOT raised sufficient doubt whether substantial evidence supported the ALJ's determination at the fifth step. *See e.g.* Wright v. Berryhill, No. 4:18-CV-00021, 2019 WL 498855, at *9 (W.D. Ky. Feb. 8, 2019); Westmoreland v. Berryhill, No. 3:17-cv-00096, 2018 WL 1522118, at *4 (S.D. Ohio Mar. 28, 2018); Rollston v. Comm'r of Soc. Sec., No. 1:16-CV-168, 2016 WL 6436676, at *4 (W.D. Mich. Nov. 1, 2016). Other district courts within the Sixth Circuit have criticized Cunningham's reasoning and declined to follow its holding. *See e.g.* Kidd v. Berryhill, No. 5:17-CV-420-REW, 2018 WL 3040894, at *7-10 (E.D. Ky. June 19, 2018); Montano v. Comm'r of Soc. Sec., No. 1:13-cv-70, 2014 WL 585363, at *15 (S.D. Ohio Feb. 14, 2014); Belew v. Astrue, No. 2:11-107-DCR, 2012 WL 3027114, at *9-10 (E.D. Ky. July 24, 2012).

In a recently issued unpublished order, the Sixth Circuit attempted to resolve the apparent confusion among some of the district courts. O'Neal v. Comm'r of Soc. Sec., No. 18-2372, 2020 WL 97414, at *3-4 (6th Cir. Jan. 7, 2020). Because the regulations continue to recognize the DOT as a source of reliable information and the claimant did not to cross-examine the vocational expert about the DOT job descriptions when he had the opportunity, the Sixth Circuit held the vocational expert's testimony constitutes substantial evidence to support the ALJ's finding that the claimant was able to perform work that existed in significant numbers in the national economy. O'Neal v. Comm'r of Soc. Sec., No. 18-2372, 2020 WL 97414, at *3-4 (6th Cir. Jan. 7, 2020).

Applying the holding in O'Neal to the circumstances before the Court, during the administrative hearing the vocational expert responded to ALJ Foster's hypothetical question by

14

testifying that the individual could perform occupations such as bagging salvage DOT # 689.687-010, and there are 395,000 jobs in the national economy; collator operator DOT # 208.685-010, and there are 155,000 jobs in the national economy; and garment sorter DOT # 222.687-014 and there are 230,000 jobs in the national economy (Tr. 51-52). Although Plaintiff had the opportunity, he did not cross-examine the vocational expert about the DOT descriptions for these three jobs (Tr. 52-53). Thus, in light of the holding in O'Neal, the vocational expert's testimony constitutes substantial evidence to support ALJ Foster's finding that Plaintiff is able to perform work that exists in significant numbers in the national economy.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

February 20, 2020

H. Brent Brennenstuhl
**United States Magistrate Judge**

Copies: Counsel